UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LESTER H LANDIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-1633 |
| | § | |
| EXXONMOBIL MEDICAL PLAN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the plaintiff's, Lester H. Landis, Jr., motion for summary judgment [DE# 20], the defendant's, ExxonMobil Medical Plan, response and motion for judgment [DE# 21] and the parties' reply and sur-reply, respectively [DE#s 22 and 23] to opposing party's response. After a review of the pleadings, answer, briefs and the arguments presented, the Court determines that the plaintiff's motion for summary judgment should be denied, and the defendant's motion for judgment should be granted.

**II.**

The plaintiff appeals from the denial of ERISA benefits. It is undisputed that the plaintiff is a cancer survivor and that the treatment resulted in nerve damage to his feet and ankles. As a result, the plaintiff required stabilization in his ankles in the form of braces to assist in walking without falling. The plaintiff contends that Aetna, the claims administrator for the EMMP POS II Options, abused its discretion by failing to approve the braces that he and his physician deemed necessary for his condition as opposed to "off-the-shelf braces". The plaintiff argues that Aetna claims that "the braces were experimental". Upon reconsideration, he asserts, Aetna stated that the braces were "deluxe" and "did not meet professional standards as appropriate".

The defendant acknowledges that the plaintiff is eligible for medical insurance benefits under the EMMP, POS II options. Nevertheless, the defendant asserts that the Plan excludes "foot orthotics" even though they were prescribed by the plaintiff's physician. Moreover, the defendant argues, the Plan specifically excludes coverage for "experimental and investigative devices". As a result, Aetna, as claims administrator, denied the plaintiff's claim. The defendant argues that Aetna's denial of the plaintiff's claim and appeal ends the inquiry and that it "[has] the full and final discretionary authority to determine eligibility for benefits and to construe and interpret the plan." Therefore, the defendant, did not abuse its discretion by denying the plaintiff's claim.

### III.

"[W]hen an administrator has discretionary authority with respect to the decision at issue, the standard of review should be one of abuse of discretion." *Vega v. Nat'l Life Ins. Servs., Inc.,* 188 F.3d 287, 295 (5th Cir. 1999). A plan administrator does not abuse its discretion when construing plan provisions unless its interpretation is "arbitrary or capricious". *Penn v. Howe-Baker Eng'rs, Inc.*, 898 F.2d 1096, 1100 (5th Cir. 1990). A decision is arbitrary only if the decision is made without a rational connection between the known facts and the decision. *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.,* 168 F.3d 211, 214 (5th Cir. 1999).

### IV.

The Court determines that neither Aetna nor the ExxonMobil Plan Administrator that determined the plaintiff's lack of eligibility for the desired ankle-foot brace abused its discretion. It is undisputed that they: (a) relied on the opinions of several medical consultants in its review of plan exclusions; (b) considered promulgated policy criteria and; (c) evaluated the documents provided by the plaintiff. Plan Administrators are "free" to evaluate the evidence and accept or

reject even a treating physician's recommendations as it relates to coverage of medical devices. *Id.*

Therefore, the Court determines that the plaintiff's motion for summary judgment should be Denied and that the defendant's motion should be Granted.

It is so Ordered.

SIGNED on this 25th day of January, 2018.

Kenneth M. Hoyt
United States District Judge